FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

NOV 2 9 2023

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

Laura Kelly

PLAINTIFF

v.                                                        CV 23-1068

STATE OF NEW MEXICO EIGTH DISTRICT

DEFENDANTS


Third party defendants

Ike Gallegos

Victor Salazar

Stephen Natelson and his legal malpractice insurance, et all


### COMPLAINT FOR ABUSE OF PROCESS AND LACK OF DUE PROCESS


COMES NOW laura Kelly , Taos, NM, pro se, to file this Complaint for Abuse of Process against the State

of New Mexico First Judicial District and third party defendants for violating Plaintiffs' due process rights

as the owners of ADDRESS, Taos, NM, in which both State Judge Chavez and third party defendants

violated the due process rights of the Plaintiffs and abused the process required by law in doing so.



STATEMENT OF UNDISPUTED FACTS

1. Laura Kelly and Kurt Young purchased the single family house located at 58 Lower Aroyo Hondo, Taos, NM from Mr. Ike Gallagos on via a promissory note executed by the Plaintiffs and payable to Mr. Gallagos.

2. A lawsuit filed in the First Judicial District of the State of New Mexico by Mr. Ike Gallagos on March 16, 2023 was given to the tenants currently leasing that property.

3. No notice was ever transmitted to the owners of that property Mr. Kurt Young or Mr. Jeff Gunn LLC although Mr. Ike Gallagos was aware of ownership and how to contact them.

4. The tenants at the real property in dispute filed some response to the foreclosure notice on April 13, 2023 without informing the owners of the property.

5. A Lis Pendes hearing on the disputed property was on August 14, 2023

6. Neither the tenants nor the owners of the disputed real property were noticed or appeared at that hearing.  Both tenants were unavailable because of incarceration in another state and hospitalization.

7. The owners were never noticed of that same hearing.

8. Judge Chavez of the Eighth Judicial Court of the State of New Mexico issued a Default Judgment against the owners of the real property in dispute on August 21, 2023.

9. Ten days after that Default Order, a Notice of Sale of the real property in dispute was issued.

10. The Affidavit of Publication was filed on October 3, 2023.

11. The real property was sold the same day as the notice ( a violation of State and Federal Law. to the next door neighbor Mr. Victor Salazar who owns the real property located at ADDRESS and who coveted the real property in dispute for years.

12. At no time did the Court or any other Party attempt to notify Mr. Kurt Young or Mr. Jeff Gunn, LLC of the Default Judgment, the Notice of Sale, the Affidavit of Publication, or the sale of the real property in dispute.

13. This venue is appropriate for this case.

THE LAW

"For abuse of process to occur there must be use of process for an immediate purpose other than that for which it was designed and intended.  The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or take some other action to refrain from it."  (Restatement of Torts, 2nd, 682)

In DeVaney v. Thiftway Mktg Corp., 124 N.M. 522 (N.M. 1997) the New Mexico Supreme Court defined the tort of malicious abuse of process as consisting of the following elements:  (1)  the initiation of judicial proceedings against the plaintiff by the defendant(s); (2)  an act by the Defendant in the usenof process other than such as would be proper in the regulat prosecution of the claim; (3)  a primary motive by the defendant in misusing the process to accomplish an illegitimate end; (4) damages.

Further, the Court found in DeVaney that in order to satisfy the misuse of process requirement that there must be an overt act that is irregular or improper in the in the normal course of proceedings and that there are two independent means of demonstrating a misuse of process. … The second general method is through some irregularity or impropriety suggesting extortion, delay or harassment.  Under this method, the act might be a procedural irregularity (Simon, 71 F.3d at 15 "typical abuse of process cases involve misue of such procedures as discovery, subpoenas, and attachment.")  Richardson 109 N.M. at 502-503, 787 P.2d at 421-422 might be an act that otherwise indicates the wrongful use of proceedings, such as an extortion attempt. … (Farmers Gin Co., 73 N.M. at 407-408 389 P.2d at 11 listing as forms of

abuse of process "excessive execution on judgment; attachment on property other than that involved in

the litigation or in an excessive amount; oppressive conduct in connection with the arrest of a person or

seizure of property, such as illegal detention and conversion of  personal property pending suit; or

extortion of excessive sums of money.")

In Durham v. Guest 204 P.3d 19, 145 N.M. 694, 2009-NMSC-007, the New Mexico Supreme Court

overruled DeVaney with respect to its holding that all malicious abuse of process claims require the

defendant to have initiated a judicial proceeding against the plaintiff.  "We leave in place the combined

tort of malicious abuse of process, but restate its elements as follows: (1)  the use of process in a judicial

proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a

primary motive in the use of process to accomplish an illegitimate end; (3) damages."

# 14th Amendment Equal Protection Clause

The Equal Protection Clause of the 14th Amendment prohibits states from denying any person

within its jurisdiction the equal protection of the law. In other words, the laws of a state must

treat an individual in the same manner as other people in similar conditions and circumstances. A

violation would occur, for example, if a state prohibited an individual from entering into an

employment contract because he or she was a member of a particular race. The clause is not

intended to provide equality among individuals or classes but only equal application of the law.

The result of a law, therefore, is not relevant so long as there is no discrimination in its

application.

By denying states the ability to discriminate, the Equal Protection Clause is crucial to the protection of civil rights. The Equal Protection Clause has served as the basis of Supreme Court decisions defining the scope of the rights enjoyed by different groups of citizens. For example, in *Brown v. Board of Education*, the Court held that the notion of "separate but equal" facilities and treatment for Black students in public education violated the Fourteenth Amendment's guarantee of equal protection to all citizens. Similarly, in *Obergell v. Hodges*, the Supreme Court held that the Equal Protection Clause guarantees same-sex couples the right to marry.

Generally, the question of whether the Equal Protection Clause has been violated arises when a state grants a particular class of individuals the right to engage in an activity yet denies other individuals the same right. There is no clear rule for deciding when a classification is unconstitutional. The Supreme Court has dictated the application of different tests depending on the type of classification and its effect on fundamental rights.

Traditionally, the Supreme Court finds a classification constitutional if it has a "rational basis" to serve a "legitimate state purpose." The Court, however, has applied more stringent analysis in certain cases. It will "strictly scrutinize" a distinction when it embodies a "suspect classification." In order for a classification to be subject to strict scrutiny, it must be shown that the state law or its administration is meant to discriminate based on race, religion, national origin or, in some situations, citizenship. In order for a classification permissible, the state must prove that it has a compelling interest and that the classification is necessary to further that interest. In practice, discriminatory laws based on race, national origin, or religion are almost always unconstitutional except in rare situations involving national security or affirmative action.The

Court also applies the strict scrutiny test if the classification interferes with fundamental rights, such as First Amendment rights, the right to privacy, or the right to travel.

The Court requires states to show more than a rational basis (though it does not apply the strict-scrutiny test) for classifications based on gender, sexual orientation, or a child's status as illegitimate. This mid-level scrutiny is sometimes referred to as "heightened" or "intermediate" scrutiny.

Laws that discriminate on the basis of age, disability, wealth, political preference, or status as a felon are subject only to rational-basis review.

The 14th Amendment is not by its terms applicable to the federal government. Actions by the federal government, however, that classify individuals in a discriminatory manner will, under similar circumstances, violate the Due Process Clause of the Fifth Amendment.

**New Mexico Constitution**

**Article II - Bill of Rights**

**§ 18 Due process; equal protection; sex discrimination.**

**Universal Citation:** NM Const art II § 18

No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws. Equality of rights under law shall not be denied

on account of the sex of any person. The effective date of this amendment shall be July 1, 1973.

(As amended November 7, 1972, effective July 1, 1973).

DISTRICT COURT CIVIL Supreme Court Approved

RULE 1-004 December 14, 2021

RCR No. 1007

1-004. Process.1

A. (1) Scope of rule. The provisions of this rule govern the issuance and2

service of process in all civil actions including special statutory proceedings except the3

provisions for service of process in Rule 1-077.1(E) shall apply in proceedings brought4

under the Criminal Records Expungement Act, Sections 29-3A-1 to -9 NMSA 1978.5

(2) Summons; issuance. Upon the filing of the complaint, the clerk6

shall issue a summons and deliver it to the plaintiff for service. Upon the request of the7

plaintiff, the clerk shall issue separate or additional summons. Any defendant may waive8

the issuance or service of summons.9

B. Summons; execution; form. The summons shall be signed by the clerk,10

issued under the seal of the court and be directed to the defendant. The summons shall be11

substantially in the form approved by the Supreme Court and must contain:12

(1) the name of the court in which the action is brought, the name of13

the county in which the complaint is filed, the docket number of the case, the name of the14

first party on each side, with an appropriate indication of the other parties, and the name15

of each party to whom the summons is directed;16

(2) a direction that the defendant serve a responsive pleading or17

motion within thirty (30) days after service of the summons and file a copy of the18

pleading or motion with the court as provided by Rule 1-005 NMRA;19

(3) a notice that unless the defendant serves and files a responsive20

pleading or motion, the plaintiff may apply to the court for the relief demanded in the21

DISTRICT COURT CIVIL Supreme Court Approved

RULE 1-004 December 2, 2021

2

RCR No. 1007

complaint; and1

(4) the name, address and telephone number of the plaintiff's attorney.2

If the plaintiff is not represented by an attorney, the name, address and telephone number3

of the plaintiff.4

C. Service of process; return.5

(1) If a summons is to be served, it shall be served together with any6

other pleading or paper required to be served by this rule. The plaintiff shall furnish the7

person making service with such copies as are necessary.8

(2) Service of process shall be made with reasonable diligence, and the9

original summons with proof of service shall be filed with the court in accordance with10

the provisions of Paragraph L of this rule.11

D. Process; by whom served. Process shall be served as follows:12

(1) if the process to be served is a summons and complaint, petition or13

other paper, service may be made by any person who is over the age of eighteen (18)14

years and not a party to the action;15

(2) if the process to be served is a writ of attachment, writ of replevin16

or writ of habeas corpus, service may be made by any person not a party to the action17

over the age of eighteen (18) years designated by the court to perform such service or by18

the sheriff of the county where the property or person may be found;19

DISTRICT COURT CIVIL Committee Approved

RULE 1-004 August 20, 2021

3

RCR No. 1007

(3) if the process to be served is a writ other than a writ specified in1

Subparagraph (2) of this paragraph, service shall be made as provided by law or order of2

the court.3

E. Process; how served; generally.4

(1) Process shall be served in a manner reasonably calculated, under5

all the circumstances, to apprise the defendant of the existence and pendency of the6

action and to afford a reasonable opportunity to appear and defend.7

(2) Service may be made, subject to the restrictions and requirements8

of this rule, by the methods authorized by this rule or in the manner provided for by any9

applicable statute, to the extent that the statute does not conflict with this rule.10

ARGUMENT

In the case at bar, Judge Chavez of the Eigth Judicial District and all of the Defendants knew or had a duty to discover the names of the owners (Plaintiffs) of the real property in dispute but, by intent or gross negligence, refused to give them notice or opportunity to be heard regarding this case. (SALAZAR HISTORY)   Instead, the Defendants relied on noticing the tenants of the real property, who had no ownership of the real property.  Further, both Defendants again refused to provide the Plaintiffs notice or opportunity to be heard regarding the Lis Pendes hearing on August 14, 2023 or the subsequent Default Judgment Order issued on August 21, 2023, or the rushed notice of sale ten days after although the law requires 30 days, the affidavit of publication on October 3, 2023 and the very suspect sale of the real property on that same day.  All these separate but very intentional acts by the Defendants satisfy the elements required to demonstrate malicious abuse of process that was improper in a regular prosecution of the claim and their motivations in the use of that process to accomplish a illegitimate end.

1.  This case has cronyism all over it and reeks of Abuse of Process and Due Process.

2. The defendant has engaged in a pattern of abusive behavior in an attempt to manipulate the legal process in their favor. These actions have caused undue harm and prejudice to the plaintiff.

3. Specify the instances of abuse of process, such as filing frivolous motions, repetitive and unnecessary filings, or using the legal system to harass or intimidate the plaintiff.

4. Explain how these actions have hindered the plaintiff's ability to present their case effectively, caused unnecessary delays, or resulted in additional legal expenses.

Lack of Due Process:

5. The defendant has consistently failed to provide the plaintiff with the fundamental elements of due process as guaranteed under the United States Constitution.

6. Specify the instances where the defendant has violated the plaintiff's right to due process, such as denying access to relevant evidence, refusing the opportunity to present witnesses, or denying the plaintiff the right to cross-examine witnesses.

7. Explain how these violations have deprived the plaintiff of a fair and impartial trial and have undermined the integrity of the judicial process.

Relief Sought:

8. The plaintiff respectfully requests the court to:

  a. Recognize the defendant's abuse of process and lack of due process as outlined in this
pleading.

  b. Take appropriate measures to rectify the harm caused to the plaintiff, including but not
limited to sanctions against the defendant, striking certain pleadings or motions, or awarding
costs and attorney fees.

  c. Ensure that the plaintiff is granted a fair and impartial trial, with all due process rights
upheld, moving forward in this case.

d. plaintiff asks the Court for Punitive Damages and damages for emotional distress.

e. plaintiff asks the court for $2,000,000 in compensation.

9. The plaintiff urges this honorable court to thoroughly consider the allegations of abuse of
process and lack of due process presented in this pleading. The plaintiff seeks justice and a fair
resolution of this matter, and it is the court's duty to ensure that the principles of justice and due
process are upheld.

Statement of claim

Plainitff claims Monetary damages of up to $550,000 and seeks releif

Plaintiff claims emotion al distress damages of $2,000,000 and seeks relief therof

Plaintiff claims lack of sale viability and seeks releif

Plaintiff seeks injunctive relief on the lawsuit and sale

Plaintiff claims punitive damages and seeks punative damages

PRAYER

Plaintiffs pray this Court will revoke the sale of the real property in dispute and award Plaintiffs' damages

for the Defendants abuse of process and Due process.

Respectfully submitted,

Laura Kelly

58 Lower Arroyo Hondo

Arroyo Honda, NM

Arizonawolves@gmail.com

575-240-4858