IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA KELLY,

      Plaintiff,

v.                                  No. 1:23-cv-01068-LF

STATE OF NEW MEXICO FIRST
JUDICIAL DISTRICT COURT,
STATE OF NEW MEXICO EIGHTH
JUDICIAL DISTRICT COURT,
FNU CHAVEZ,
IKE GALLEGOS,
VICTOR SLAZAR and
STEPHEN NATELSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint for Abuse of

Process and Lack of Due Process, Doc. 1, filed November 29, 2023 ("Complaint"), and Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November

29, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

if the court finds that the allegations of poverty are untrue or that the action is
frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life."

*Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these

proceedings and provided the following information: (i) Plaintiff's average monthly income

amount during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $2,150.00; (iii)

Plaintiff has $20.00 in cash and no money in bank accounts; (iv) Plaintiff has "been out of work

since covid;" and (v) Plaintiff has two children who rely on Plaintiff for support.  The Court finds

that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating

she is unable to pay the costs of this proceeding and because she has had no income during the

past 12 months.

**The Complaint**

Plaintiff and Kurt Young purchased a house from Defendant Ike Gallegos on a promissory

note.  *See* Complaint at 2, ¶ 1.  Defendant Gallegos filed a lawsuit in the First Judicial District

Court for the State of New Mexico and apparently served process on the unidentified tenants of

the property instead of the owners.  *See* Complaint at 2, ¶¶ 2-3.  After a hearing, of which the

owners did not receive notice, Defendant Judge Chavez of the Eighth Judicial Court issued a

default judgment against the owners, and the property was later sold.  *See* Complaint at 2, ¶¶ 5-11.

Plaintiff asserts due process and abuse of process claims against Defendants and seeks the

following relief: (i) monetary damages; and (ii) injunctive relief "revok[ing] the sale of the real

property."  Complaint at 14.

**Injunctive Relief regarding Sale of the Property**

It is not clear from the Complaint whether the proceedings in the First and Eighth Judicial

Districts are ongoing.  If the proceedings are ongoing, it appears that Plaintiff's request for

injunctive relief revoking the sale of the property is barred by the *Younger* abstention doctrine

which "dictates that federal courts not interfere with state court proceedings ... when such relief

could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th

Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers

whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an
> adequate forum to hear the claims raised in the federal complaint, and (3) the state
> proceedings involve important state interests, matters which traditionally look to
> state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  If the

proceedings in the First and Eight Judicial Districts are not ongoing, then it appears Plaintiff's

request for injunctive relief is barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers
> complaining of injuries caused by state-court judgments rendered before the district
> court proceedings commenced and inviting district court review and rejection of
> those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,
> 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would
> necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district
> court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292

(10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred

from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiff to show cause why the Court should not dismiss her claims for injunctive relief as barred by the *Younger* abstention or *Rooker-Feldman* doctrines. If Plaintiff asserts her claims for injunctive relief are not barred, Plaintiff must file an amended complaint containing factual allegations supporting her assertion that her claims are not barred. The amended complaint must contain the case numbers of the relevant cases in the First and Eighth Judicial Districts.

**Monetary Damages against Judicial Defendants**

The Complaint does not contain allegations showing that the Court can award money damages against the First and Eighth Judicial Districts, which are arms of the State of New Mexico, or Defendant Judge Chavez.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018).

"[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating

4

broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

The Court orders Plaintiff to show cause why the Court should not dismiss her claims for money damages against the First and Eighth Judicial Districts and Judge Chavez.  If Plaintiff asserts her claims for money damages against the First and Eighth Judicial Districts and Judge Chavez should not be dismissed, Plaintiff must file an amended complaint containing allegations supporting her assertion that the Court should not dismiss the money damages claims against the First and Eighth Judicial Districts and Judge Chavez.

**Equal Protection**

It appears Plaintiff may be asserting equal protection claims.  *See* Complaint at 4-6 (discussing the Equal Protection clause).

> The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*,

528 U.S. 562, 564 (2000) (per curiam)).  Except for Defendant Gallegos, the Complaint does not contain any factual allegations showing that any Defendant was personally responsible for intentionally treating Plaintiff differently from others similar situated.

The Court orders Plaintiff to show cause why the Court should not dismiss her equal protection claims.  If Plaintiff asserts the Court should not dismiss her equal protection claims, Plaintiff must file an amended complaint containing factual allegations supporting her assertion that the Court should not dismiss her equal protection claims.

**Due Process and Equal Protection Claims – Defendants Gallegos, Salazar and Natelson**

Plaintiff appears to be asserting due process and equal protection claims against Defendants Gallegos, Salazar and Natelson pursuant to 42 U.S.C. § 1983 which provides for a remedy for deprivation of civil rights.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint fails to state due process and equal protection claims against Defendants Gallegos, Salazar and Natelson because there are no factual allegations showing that they are actors acting under color of state law.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's due process and equal protection claims against Defendants Gallegos, Salazar and Natelson.  If Plaintiff asserts the Cour

**Stating a Claim**

The Complaint fails to state a claim upon which relief can be granted for Defendants Gallegos, Salazar and Natelson.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The only factual allegations regarding Defendant Gallegos state Gallegos sold the property to Plaintiff, filed a lawsuit in the First Judicial District Court, and did not provide Plaintiff with notice of the lawsuit.  *See* Complaint at 2, ¶¶ 1-3.  The only factual allegation regarding Defendant Salazar states the property was sold to "the next door neighbor Mr. Victor Salazar . . . who coveted the real property in dispute for years."  Complaint at 2, ¶ 11.  There are no factual allegations regarding Defendant Natelson.

The Court orders Plaintiff to show cause why the Court should not dismiss the claims against Defendants Gallegos, Salazar and Natelson for failure to state a claim.  If Plaintiff asserts the claims against Defendants Gallegos, Salazar and Natelson should not be dismissed, Plaintiff must file an amended complaint that states claims against those Defendants.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court grants Plaintiff leave to file an amended complaint.  If Plaintiff files an amended complaint, the amended complaint must

comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 29, 2023, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

Laura Fashing
UNITED STATES MAGISTRATE JUDGE