IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA KELLY,

      Plaintiff,

v.                                                                                                          No. 1:23-cv-01068-DHU-LF

STATE OF NEW MEXICO FIRST
JUDICIAL DISTRICT COURT,
STATE OF NEW MEXICO EIGHTH
JUDICIAL DISTRICT COURT,
FNU CHAVEZ,
IKE GALLEGOS,
VICTOR SLAZAR and
STEPHEN NATELSON,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, and Kurt Young purchased a house from Defendant Ike Gallegos on a promissory note.  *See* Complaint for Abuse of Process and Lack of Due Process at 2, ¶ 1, Doc. 1, filed November 29, 2023 ("Complaint").  Defendant Gallegos filed a lawsuit in the First Judicial District Court for the State of New Mexico and apparently served process on the unidentified tenants of the property instead of the owners.  *See* Complaint at 2, ¶¶ 2-3.  After a hearing, of which the owners did not receive notice, Defendant Judge Chavez of the Eighth Judicial Court issued a default judgment against the owners, and the property was later sold.  *See* Complaint at 2, ¶¶ 5-11.  Plaintiff asserts due process, abuse of process and equal protection claims against Defendants and seeks the following relief: (i) monetary damages; and (ii) injunctive relief "revok[ing] the sale of the real property."  Complaint at 14.

United States Magistrate Judge Laura Fashing notified Plaintiff:

It is not clear from the Complaint whether the proceedings in the First and Eighth Judicial Districts are ongoing. If the proceedings are ongoing, it appears that Plaintiff's request for injunctive relief revoking the sale of the property is barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). If the proceedings in the First and Eight Judicial Districts are not ongoing, then it appears Plaintiff's request for injunctive relief is barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

. . . .

The Complaint does not contain allegations showing that the Court can award money damages against the First and Eighth Judicial Districts, which are arms of the State of New Mexico, or Defendant Judge Chavez.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This

> protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018).

"[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").
. . . .

It appears Plaintiff may be asserting equal protection claims. *See* Complaint at 4-6 (discussing the Equal Protection clause).

> The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a

3

> plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  Except for Defendant Gallegos, the Complaint does not contain any factual allegations showing that any Defendant was personally responsible for intentionally treating Plaintiff differently from others similar situated.
>
> . . . .
>
> Plaintiff appears to be asserting due process and equal protection claims against Defendants Gallegos, Salazar and Natelson pursuant to 42 U.S.C. § 1983 which provides for a remedy for deprivation of civil rights. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint fails to state due process and equal protection claims against Defendants Gallegos, Salazar and Natelson because there are no factual allegations showing that they are actors acting under color of state law.
>
> . . . .
>
> The Complaint fails to state a claim upon which relief can be granted for Defendants Gallegos, Salazar and Natelson.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The only factual allegations regarding Defendant Gallegos state Gallegos sold the property to Plaintiff, filed a lawsuit in the First Judicial District Court, and did not provide Plaintiff with notice of the lawsuit.  *See* Complaint at 2, ¶¶ 1-3.  The only factual allegation regarding Defendant Salazar states the property was sold to "the next door neighbor Mr. Victor Salazar . . . who coveted the real property in dispute for years."  Complaint at 2, ¶ 11.  There are no factual allegations regarding Defendant Natelson.

Order to Show Cause at 3-7.

Judge Fashing: (i) ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims; (ii) ordered Plaintiff to file an amended complaint; and (iii) notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the December 26, 2023, deadline.

The Court dismisses this case because: (i) the Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss her claims; and (iii) Plaintiff did not file an amended complaint or otherwise respond to Judge Fashing's Order to Show Cause.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**